IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL BROOKS, JR.** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **LAURA WALKER** | : | NO. 14-7383 |

<u>MEMORANDUM</u>

O'NEILL, J.                                                                                                  JANUARY 26 , 2015

      Plaintiff Nathaniel Brooks, Jr. brings this action, pursuant to 42 U.S.C. § 1983, in connection with a criminal proceeding brought against him in state court. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I.     FACTS[1]

      In August of 2014, plaintiff was charged with indecent exposure in Chester County. Magisterial District Judge Analisa Sondergaard presided over a preliminary hearing in plaintiff's case and held the case for trial. *Commonwealth v. Brooks*, Docket No. MJ-15401-CR-0000256-2014. It appears from the criminal docket that Laura Walker of the Chester County Public Defender's Office represented plaintiff at his arraignment and at the preliminary hearing. The case was subsequently assigned to the Honorable Antohny A. Sarcione and is awaiting trial in the Chester County Court of Common Pleas. *Commonwealth v. Brooks*, Docket No. CP-15-CR-0003577-2014. The publicly available docket reflects that, although plaintiff is represented by counsel, he has submitted several pro se filings to the state court.

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of relevant criminal proceedings in state court.

1

Plaintiff brought his complaint in this action, pursuant to 42 U.S.C. § 1983, against Attorney Walker, Judge Sondergaard, Judge Sarcione, "District Attonrey (Rep)," and "Sheriff Dept (Rep)."[2] He seeks compensatory damages for constitutional violations in light of his allegedly "unlawful and illegal detention." (Compl. ¶ III.) He also raises claims based on the fact that his pro se filings were "referred to as hybrid representation." (*Id.*) Plaintiff attached to his complaint letters from the state court informing him that a defendant who is represented may not simultaneously proceed pro se, and advising that his pro se filings were forwarded to counsel. He also attached copies of the pro se motions he filed in state court, which, among other things, reflect his dissatisfaction with the preliminary hearing.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

---

[2] Plaintiff only named Walker in the caption of his complaint. However, he lists the remaining individuals as defendants on page two of the complaint.

2

As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Plaintiff's claims fail for several reasons. First, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). As it is apparent that plaintiff's claims against Judges Sondergaard and Sarcione are based on acts taken in their judicial capacities while presiding over his criminal case, the Judges are entitled to absolute judicial immunity. Accordingly, those claims are legally baseless and the Court will dismiss them with prejudice.

Second, "a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)) (footnote omitted); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, there is no legal basis for a § 1983 claim against Laura Walker, because she is not a state actor.

Third, to the extent plaintiff is suing the District Attorney, or a prosecutor employed by the District Attorney's Office, his claims fail because a prosecutor is absolutely immune from liability under § 1983 for acts taken "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). As all of plaintiff's

3

claims are premised on his criminal prosecution, the Court will dismiss those claims with prejudice as legally baseless because the District Attorney (or any other prosecutor) is entitled to absolute immunity.

Finally, plaintiff has not stated a claim against the Sheriff Department or any representative of the Sheriff's Department because he does not state any facts establishing how those defendants are liable for any violation of his rights. Furthermore, he has not alleged that any municipal policy or custom was responsible for the constitutional violations alleged so as to establish a basis for municipal liability. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Out of an abundance of caution, Court will give plaintiff an opportunity to file an amended complaint in the event he can state a claim against the Sheriff's Department or an employee of the Sheriff's Department.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed. An appropriate order follows.