# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL BROOKS, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAURA WALKER | : | NO. 14-7383 |

FILED
MAR -4 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

O'NEILL, J.                                                                                           MARCH 4, 2015

Plaintiff Nathaniel Brooks, Jr. brings this action, pursuant to 42 U.S.C. § 1983, in connection with a criminal proceeding brought against him in state court. Plaintiff's amended complaint is currently before the Court.

Plaintiff brought his initial complaint against two judges, a prosecutor, the Sheriff's Department or a representative of the Sheriff's Department, and Laura Walker, an attorney who represented him at his arraignment and preliminary hearing. In a January 26, 2015 memorandum and order, the Court dismissed all of plaintiff's claims as legally frivolous except for any claims brought against the Sheriff's Department or a representative of the Sheriff's Department, which were dismissed with leave to amend.

After filing several motions apparently seeking *habeas* relief, which the Court denied, plaintiff filed an amended complaint against Ms. Walker. The amended complaint references various constitutional amendments, but does not clearly state a factual basis for any claims against Ms. Walker. To the extent plaintiff is raising constitutional claims against Ms. Walker based on any alleged deficiencies in her representation, his claims fail because there is no basis for concluding that Ms. Walker is a state actor subject to 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law

1

when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)).  Accordingly, the Court will dismiss the amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff will not be given leave to file a second amended complaint because the Court concludes that amendment would be futile.  An appropriate order follows, which shall be docketed separately.